**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| XONALD GILLEM, | ) | CASE NO. CV 09-00762 AG (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| JOHN MARSHALL, Warden, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after April 24, 1997: the date on which a State-created impediment – itself a violation of constitutional law – was removed; the date on which a newly-recognized constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

        The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

        Petitioner filed the current petition on January 8, 2009 in the Northern District of California, which transferred the action here for venue reasons. The petition was refiled in this District on January 30. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On August 23, 2001, a San Luis Obispo County jury convicted Petitioner of robbery, attempted robbery and use of a firearm in the commission of the principal offenses. He was sentenced to state prison for 17 years. Pet. ¶ 3; *see generally People v. Gillem*, No. B154119, 2003 WL 193214 (Cal. Ct. App. 2d Dist. 2003).

(b) Petitioner appealed and sought habeas relief in the California Court of Appeal, but that court denied relief in an unpublished opinion filed on January 29, 2003. *Id*. Petitioner did not seek further *direct* review, although, as noted below, he did seek state habeas relief on three occasions.

(c) Petitioner's conviction became final after April 29, 2003, when the Supreme Court's 90-day deadline for filing a certiorari petition expired. *See* SUP. CT. R. 13.1. Petitioner's 365-day limitations period for the present action started on that date.

(d) On March 10, 2003, Petitioner filed a habeas corpus petition in the California Supreme Court, which denied relief on October 15, 2003.

(e) Petitioner promptly filed another habeas petition in the California Supreme Court, which again denied relief on August 18, 2004.

(f) Four years passed. On June 13, 2008, Petitioner filed a third habeas petition in the state supreme court, which denied relief on November 12, 2008.

*****

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. Petitioner's limitations period appears to have expired no later (but possibly earlier) than August 18, 2005, one year after the California Supreme Court's denial of his second habeas petition there. Petitioner's recommencement of state habeas proceedings several years thereafter cannot rejuvenate his stale claim. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.


DATED:    February 4, 2009


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE